ANN WALSH BRADLEY, J.
¶ 93. {concurring). I agree with the majority and dissent when they determine that evidence of the victim's reputation for violence offered to demonstrate the identity of the first aggressor is relevant to a defendant's self-defense claim. Majority op., ¶¶ 47-48, 65, 79; dissent, ¶¶ 96-97, 113.
¶ 94. I further determine, for reasons set forth in the dissent, that the circuit court erroneously denied the defendant's motion to admit evidence of the victim's reputation without allowing the defendant an opportunity to present a better foundation for reputation evidence. Therefore, I join Part I of the dissent.
¶ 95. I ultimately conclude, however, that for reasons set forth in the majority opinion, the error is harmless. As the majority notes, in order to reverse a conviction based on an erroneous evidentiary ruling, there must be a reasonable probability that the outcome of the trial would have been different without the error. Majority op., ¶ 87 (citing State v. Armstrong, 223 Wis. 2d 331, 368, 588 N.W.2d 606 (1999)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 368 (quoting Strickland v. Washington, 466 U.S. 668, 694-95 (1984)). I agree with the majority that it is unlikely that the reputation evidence would have affected the outcome in this case. Therefore, I join Part IV C. of the majority opinion and respectfully concur.